UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRYAN COLE (#475537)**                                             **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                            **NO. 17-0338-JWD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRYAN COLE (#475537)                                               CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                              NO. 17-0338-JWD-EWD

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss (R. Doc. 7).    This Motion is opposed.

*Pro se* Plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, Ass't Warden Tracy Falgout and Dr. Randy Lavespere, complaining that Defendants have violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs.

In the instant Motion, Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claim asserted against them in their official capacities for monetary damages.[1]   In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.   *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).   In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against

---

[1] Whereas Plaintiff's Complaint is unclear as to whether he is suing Defendants in their individual or their official capacities, the Court liberally interprets Plaintiff's Complaint as naming Defendants in both capacities.  See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing that the pleadings of *pro se* plaintiffs should be interpreted liberally).

a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim asserted against Defendants in their official capacity for monetary damages is subject to dismissal. In contrast, Plaintiff's claim for monetary damages asserted against Defendants in their individual capacities remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. In addition, a claim for injunctive relief asserted against state officials in their official capacities is not barred by the Eleventh Amendment because such a claim is also not seen to be a claim asserted against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 Am. Jur. 2d *Civil Rights* § 101.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility

of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, and by reference to documentation attached thereto, it appears that Plaintiff has suffered with bladder and bowel deficiencies since birth. As a result, he is required to wear adult diapers at all times, and he allegedly experiences severe constipation, skin rashes and acid reflux. He acknowledges that he has been seen and treated by physicians at LSP, and he has apparently been followed by the gastroenterology clinic at the LSU medical facility in New Orleans, Louisiana. He complains, however, that whereas he has been provided with diapers, with self-administered disposable enemas, and with laxatives and skin creams, the treatment and supplies are not adequate to address his condition and complications. Specifically, he asserts that the harshness of the prescribed laxatives and enemas has caused him to suffer with ulcerative colitis and that the brand of diapers provided does not adequately protect him from leakage and severe diaper rash. He asserts that a different brand of diapers, a milder form of enema, and a private room at the prison medical facility should be provided. He further asserts that he should be provided with baby oil and baby wipes for his skin and with a "nursing bottle" to help him with nightly acid reflux. Finally, he complains that leakage from his

diapers has caused him to be subjected to un-hygienic conditions. He prays for compensatory damages and to be provided with the medical care and supplies that he believes to be warranted.

In response to Plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. Specifically, Defendants contend that Plaintiff's allegations are insufficient to establish that any of them has participated in a violation of Plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers whether Defendants' conduct violated Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis with respect to Plaintiff's claims, the Court concludes that Defendants' Motion to Dismiss should be granted. In this regard, it is well-settled that to prevail on an Eighth Amendment claim for the deprivation of medical care, a prisoner must be able to show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Thomas v. Carter*, 593 Fed. Appx. 338, 342 (5th Cir. 2014),

*citing Estelle v. Gamble*, 429 U.S. 97 (1976). Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue because a prisoner's mere disagreement with his medical treatment, absent exceptional circumstances, does not support a claim of deliberate medical indifference. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Nor do negligence, neglect, medical malpractice, misdiagnosis or unsuccessful medical treatment give rise to a § 1983 cause of action. *See Zaunbrecher v. Gaudin,* 641 Fed. Appx. 340 (5th Cir. 2016). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). A prison official acts with deliberate indifference only if the official (1) "knows that inmates face a substantial risk of serious bodily harm," and (2) "disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, *supra,* 463 F.3d at 346, *quoting Farmer v. Brennan, supra,* 511 U.S. at 847. The deliberate indifference standard sets a very high bar. Plaintiff must be able to establish that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006), *citing Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In addition to the foregoing, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must have been a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a named defendant is responsible for the actions of

subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing principles, the Court finds that Plaintiff has failed to allege facts sufficient to support a claim of deliberate medical indifference on the part of Defendants. First, Plaintiff has failed to allege that any Defendant has been directly or personally involved in his medical care. Specifically, Plaintiff includes no factual allegations whatever as to the individual Defendants, merely naming them in the Caption of the Complaint and in the list of Defendants on the Court's Complaint form. Instead, Plaintiff makes only generalized assertions that unnamed prison "officials" at LSP have failed to provide him with the medical care and supplies that he desires. Further, as for Defendants Darrel Vannoy and Tracy Falgout, these Defendants clearly acted in principally a supervisory role at LSP, being identified by Plaintiff as the "head warden" and "assistant warden of medical" at LSP, respectively. Such an assertion of supervisory authority is not sufficient to support a finding of liability on the part of Defendants Vannoy and Falgout. Specifically, Plaintiff does not allege that in their supervisory capacities as Head Warden and Assistant Warden at LSP, respectively, these defendants have been personally involved in examining, evaluating or treating his complaints, that they possess any specific qualifications as health care providers, or that they otherwise have

personal knowledge relative to Plaintiff's medical condition or treatment. Nor has Plaintiff alleged any policy or duty imposed by state law with regard to Defendants Vannoy and Falgout. Accordingly, Plaintiff's claims asserted against Defendants Vannoy and Falgout are clearly subject to dismissal.

Turning to Plaintiff's claim asserted against the remaining Defendant, Dr. Randy Lavespere, the same conclusion is warranted. Specifically, Plaintiff alleges only that Defendant Lavespere is the "Medical Director" at the LSP hospital facility, and Plaintiff fails to allege that Dr. Lavespere is one of the physicians or medical personnel who has seen or treated Plaintiff. Moreover, even if Defendant Lavespere may have been involved in Plaintiff's treatment, Plaintiff fails to provide any information regarding when, if at all, Defendant Lavespere may have seen Plaintiff or what specific actions Dr. Lavespere may have taken or failed to take in response to Plaintiff's complaints. In the context of a qualified immunity analysis, the Court is required to assess the specific actions of each named defendant so as to evaluate whether the alleged conduct of that individual may be seen to have violated Plaintiff's constitutional rights. *See Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 395 (5th Cir. 2000) ("[P]rudence and our precedent dictates that we examine each individual defendant's entitlement to qualified immunity separately"). In the instant case, Plaintiff's factual allegations fail to provide any basis for such an assessment. As a result, Plaintiff has clearly failed to sufficiently allege that Defendant Lavespere has himself taken any action that may be characterized as deliberate indifference to Plaintiff's serious medical needs.[2] Accordingly, in the absence of such allegations, the Court is left with nothing but the "mere possibility of misconduct" on the part of Defendant Lavespere, and this is insufficient to raise Plaintiff's claim "above the speculative level" so as to defeat Defendants' Motion to Dismiss. *See Ashcroft v. Iqbal, supra*, 556 U.S. at 678. *See also Slocum v.*

---

2    As with Defendants Vannoy and Falgout, and to the extent Plaintiff is seeking to assert the liability of Dr. Lavespere in a supervisory capacity, Plaintiff has also failed to point to any policy or affirmative duty imposed by state law that Dr. Lavespere has allegedly violated.

*Livington*, 2012 WL 2088953, *17 (S.D. Tex. June 8, 2012) (granting defendants' motion to dismiss where plaintiffs failed to allege facts reflecting the individualized culpability and wrong-doing of each defendant).

Finally, in the alternative, Plaintiff acknowledges in his Complaint and in his opposition to the instant Motion, and as can be seen from a review of documentation appended to Plaintiff's Complaint, that he has been seen and evaluated by medical personnel at LSP on multiple occasions, that he has been referred for evaluation by gastroenterology specialists employed at the LSU medical facility in New Orleans, Louisiana, that he has been prescribed creams and medications in an attempt to address his multiple symptoms and complaints, and that he has been provided with adult diapers and with self-administered enemas. These are not allegations suggesting that medical personnel at LSP have ignored Plaintiff's complaints, have intentionally treated him incorrectly, or have otherwise exhibited deliberate indifference to Plaintiff's serious medical needs. Although Plaintiff asserts that he should be provided with a different brand of diaper, with another form of enema, with a different variety of skin cream, and with baby powder, baby wipes, a "nursing bottle" (to assist with his nightly acid reflux) and a private room at the medical facility at LSP, these assertions represent merely Plaintiff's disagreement with determinations made by qualified medical personnel at the facility relative to the appropriate care and treatment for his condition. It appears, therefore, that the crux of Plaintiff's complaint in this case is not that he has been denied medical attention entirely, but rather that such attention has been inadequate. Specifically, he is apparently unhappy with the care that has been provided, and he believes that additional care is warranted. He expresses disagreement with the determinations made by prison medical personnel that his requests for additional or alternative accommodations are "not medically indicated," *see* R. Doc. 1-2 at pp. 1 and 3, and he believes that his condition has been mistreated. Notwithstanding, a failure to refer an inmate plaintiff for additional treatment, diagnostic testing or evaluation is a matter of professional medical judgment that the courts

will not normally second-guess in the context of a claim of deliberate medical indifference. *See Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (upholding the dismissal of an inmate's claim as frivolous, noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" *quoting Estelle v. Gamble, supra*, 429 U.S. at 107.[3]   Further, as noted above, mere dissatisfaction with the medical care that has been provided does not alone support a claim of deliberate medical indifference.  Therefore, liberally construing Plaintiff's Complaint, the Court finds that his allegations, at best, set forth a claim of negligence or neglect in the provision of medical care, and Plaintiff has not sufficiently alleged that any deficiencies in his care are due to deliberate indifference on the part of Defendants.  Accordingly, Defendants are entitled to judgment as a matter of law in connection with Plaintiff's claim of deliberate indifference to his serious medical needs.

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss (R. Doc. 7) be granted, dismissing Plaintiff's claims asserted herein, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]     The Court notes that, in responding to one of Plaintiff's administrative grievances, it was noted that a gastroenterology consultant had seen and evaluated Plaintiff in July 2015 and had recommended at that time, *inter alia*, that Plaintiff be provided with daily mineral oil enemas instead of Fleets enemas and that he also be provided with baby powder. *See* R. Doc. 1-2 at p. 3. Notwithstanding, in accordance with prison regulations, this recommendation was reviewed and evaluated by a staff health care provider at LSP, and a determination was made that the consultant's recommendations for mineral oil and baby powder would not be followed because they were "not medically indicated." This does not establish that any health care provider was deliberately indifferent to Plaintiff's serious medical needs. *See Dupuis v. Caskey*, 2009 WL 3156527, *4 (S.D. Miss. Sept. 28, 2009) ("Deliberate indifference is not established simply because medical opinions differ"); *Williams v. Smith*, 2009 WL 2431948, *9 (S.D. N.Y. Aug. 10, 2009) ("[A] prison doctor who relies on his medical judgment to modify or disagree with an outside specialist's recommendation of how to treat an inmate is not said to act with deliberate indifference").